IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**STEPHEN MICHAEL SEPHUS**                                                          **PLAINTIFF**

**V.**                                     **CIVIL ACTION NO. 3:12-cv-15-HTW-LRA**

**MS DEPARTMENT OF CORRECTIONS, et al.**                  **DEFENDANTS**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Stephen Sephus (hereinafter "Sephus" or "Plaintiff") filed this Complaint under 42 U.S.C. § 1983 alleging that he suffered injuries while incarcerated in Defendants' custody due to lack of safety equipment. The case is now before the undersigned on the Motion to Dismiss for Failure to Exhaust Available Administrative Remedies [ECF No. 25] and the Motion to Dismiss [ECF No. 43], both filed by Defendant Dr. Ron Woodall. Defendant Woodall alleges that Sephus failed to exhaust the remedies available through the Administrative Remedy Program (ARP) of the Mississippi Department of Corrections. Additionally, Woodall asserts that Sephus has failed to follow the orders of the Court directing that he appear at the scheduled omnibus hearings. Having carefully considered the pleadings and the applicable law, the undersigned recommends that the Motion to Dismiss be **granted** for the reasons that follow and that this case be dismissed as to all parties, without prejudice.

## FACTS AND PROCEDURAL HISTORY

Sephus filed this Complaint on January 9, 2012, while an inmate at the Central Mississippi Correctional Facility ("CMCF") in Pearl. He alleges that on October 24, 2011, he slipped and fell in the prison's shower and sustained injuries. According to Sephus, the prison should have had better safety appliance equipment; he had complained about the lack of safety equipment several times prior to the incident. He charges that the shower should have had safety handrails and non-skid footing apparatus and/or a chair to sit in while bathing. Sephus alleges that he sustained a torn rotator cuff in his right shoulder and did not get immediate medical treatment. Sephus now seeks damages in the amount of $250,000 "as settlement of this claim for personal injury due to the lack of safety appliance equipment at this MDOC facility...." ECF 1, p. 4.

Sephus initially filed suit solely against MDOC. On February 10, 2012, he added John Saddler, Christopher Epps, Gloria Perry, Doctors McClain, Woodall, and Woodard, and a John Doe tower officer as defendants. ECF 9, pp. 1-2. On February 16, 2012, the Court dismissed MDOC as a defendant based on Eleventh Amendment immunity. ECF 10, p. 3.

By Order entered October 16, 2012, ECF No. 35, the undersigned directed that Sephus respond to Dr. Woodall's initial Motion to Dismiss detailing his efforts to exhaust his administrative claims. Plaintiff responded on November 14, 2012, ECF No. 38.

**ANALYSIS**

In the instant case, Defendants allege that Plaintiff failed to complete the entire administrative review process before filing suit. The applicable section of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

This statute clearly requires an inmate bringing a civil rights action in this Court to first exhaust available administrative remedies. *Wendall v. Asher*, 162 F.3d 887, 890 (5th Cir. 1998). Exhaustion is no longer left to the discretion of the district court, but is mandatory. *Booth v. Churner*, 532 U.S. 731, 739 (2001). It is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). This is so, regardless of whether the inmate's ultimate goal is a remedy not offered by the administrative process, such as money damages. *Id.*

The PLRA governs all of the instant Plaintiff's claims. Accordingly, Plaintiff was required to complete the ARP in its entirety before filing suit under § 1983. If Plaintiff has failed to comply with this mandate, dismissal is appropriate. *Id.* at 359. Defendants point to Plaintiff's Complaint as proof that he has not completed

the ARP. ECF 25, p. 2. On page 3 of the Complaint, Plaintiff was asked the following question: "Have you completed the Administrative Remedy Program regarding the claims presented in this complaint?" ECF 1, p. 3. Plaintiff answered, "No." ECF 1, p. 3. Again on April 25, 2012, Plaintiff admitted in a document filed in the Court that he had failed to comply with the ARP. ECF 28, p.1. These admissions offer proof that Sephus was not only aware of the ARP requirements, but deliberately chose to ignore them.

Plaintiff responded to this Court's Order directing him to describe his efforts to exhaust his administrative remedies [ECF No. 38]. In this response, Plaintiff contends that he did file ARP forms completed in January, February, and April, 2012. He also attached a letter from Dr. Gloria Perry advising him that the medical staff had not ordered medications after his September 6, 2011, examination. Dr. Perry further advised Plaintiff that the medical staff was advised to evaluate his condition as soon as possible and provide the clinically necessary medications and durable medical equipment. Plaintiff did not complete the ARP process, even though Dr. Perry's letter indicates that the prison would have provided any medically necessary equipment and treatment. Instead of completing the process, Plaintiff filed suit in this Court.

According to Plaintiff, the urgency of his alleged injury did not allow for the time the ARP process would have required. ECF 28, p.1. However, the requirement of exhaustion applies regardless of Plaintiff's opinion on the efficacy

4

of the institution's administrative remedy program.  *Alexander v. Tippah County, MS*, 351 F.3d 626, 630 (5th Cir. 2003).  It is not for this Court to decide whether the procedures "satisfy minimum acceptable standards of fairness and effectiveness."  *Booth*, 532 U.S. at 740 n. 5.  Plaintiff's opinion that the ARP process would have taken too long is insufficient to overcome Supreme Court precedent mandating exhaustion of remedies available under the ARP.   By his own admission, Plaintiff was receiving medical care after the fall.  He was not satisfied with that care, but completion of the ARP process may have provided a remedy.

## CONCLUSION

Plaintiff has admitted on several occasions that he failed to comply with the requirements of the ARP.  In light of these admissions, it is clear that he failed to pursue the administrative remedies available to him.  For these reasons, it is the undersigned's opinion that Defendants' Motion to Dismiss for Failure to Exhaust Administrative Remedies should be **granted** and that Plaintiff's Complaint be dismissed without prejudice.  It should be dismissed as to all Defendants.

In accordance with the rules and 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to these recommendations within 14 days after service.  Sephus is hereby notified that his failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation shall bar him, except upon grounds of plain error,

5

from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 11th day of February, 2013.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE